1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    CIRON B. SPRINGFIELD,                    No.  2:17-cv-2144 DB P

10                      Plaintiff,

11            v.                              ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
12   CRAIG, et al.,

13                      Defendants.

14

15          Plaintiff, a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

16   1983.  Plaintiff claims defendants violated his due process rights by failing to provide him with

17   advance notice of a classification hearing.  Presently before the court is plaintiff's motion to

18   proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1).  For the

19   reasons set forth below the court will grant the motion to proceed in forma pauperis and

20   recommend that the complaint be dismissed without leave to amend.

21                            **IN FORMA PAUPERIS**

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Allegations in the Complaint

The events giving rise to the claim occurred while plaintiff was housed at California State Prison, Sacramento ("CSP-SAC").  He names as defendants: (1) correctional counselor P. Craig; (2) correctional counselor J. Coburn; and (3) associate warden R. Meier.  (ECF No. 1 at 1.)

Plaintiff states that he arrived at CSP-SAC on May 19, 2017 and was placed in the Administrative Segregation Unit ("ASU").  (Id. at 6.)  On May 23, 2017 an Institutional Classification Committee ("ICC") hearing was held regarding plaintiff's housing and program status.  Defendants Craig, Coburn, and Meier were present at the hearing.  Plaintiff informed

defendants that he did not receive a 72-hour advance notice of the hearing and that he was not seen by a correctional counselor to address his endorsement to CSP-SAC rather than California State Prison, Los Angeles.

Plaintiff claims as a result of defendants alleged violation he was held in a more restrictive institution where the security level was higher, was retained in ASU from May 19, 2017 to August 26, 2017, and failed to provide another classification hearing in a timely manner. (ECF No. 1 at 9-10.) Plaintiff claims as a result he was deprived of rehabilitative programming, visitation privileges, education and did not receive mental health treatment. (Id. at 10-11.)

### III. Does Plaintiff State a Claim Under § 1983?

#### A. Legal Standards Under the Due Process Clause

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

The Due Process Clause does not create a liberty interest in remaining in the general population or being free from administrative segregation. Hewitt v. Helms, 459 U.S. 460, 466-67 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "'Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration.'" Toussaint, 801 F.2d at 1091 (quoting Hewitt, 459 U.S. at 468). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

A state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). A plaintiff must assert a dramatic departure from the standard

conditions of confinement before due process concerns are implicated.  <u>Sandin</u>, 515 U.S. at 485-86; <u>Keenan</u>, 83 F.3d at 1088-89.

**B.  Analysis**

Plaintiff's allegations that he was held in a more restrictive institution does not implicate a liberty interest entitling him to due process protections.  An inmate has no right to a particular prison.  <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

A prisoner does not have a right to a particular classification or custody level under the Due Process Clause.  <u>See</u> <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting <u>Moody v. Daggett,</u> 429 U.S. 78, 88 n.9 (1976)).

Because plaintiff cannot show he had a protected liberty interest in his classification status, he cannot state a claim for deprivation of his right to due process.  Additionally, temporary placement in administrative segregation does not implicate a liberty interest.  <u>See</u> <u>Toussaint</u>, 801 F.2d at 1091 (Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration); <u>May</u>, 109 F.3d at 565 (Prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement).

**IV.    No Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after

careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations fail to state a claim for relief and amendment would be futile. His complaint should be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a district judge.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/spri2144.scrn

6