UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>CRAIG, et al.,<br><br>    Defendants. | No. 2:17-cv-02144-MCE-DB<br><br>**ORDER** |

Plaintiff Ciron B. Springfield ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983 for various purported due process violations. On January 4, 2019, a final order and judgment was entered dismissing the case. ECF Nos. 14, 15. More than four months after the entry of judgment, on May 15, 2019, Plaintiff served his Notice of Appeal, alleging he did not timely receive notice of the entry of judgment. ECF No. 17. Subsequently, on September 18, 2019, the United States Court of Appeals for the Ninth Circuit ("USCA") construed Plaintiff's Notice of Appeal in part as a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). ECF No. 21. That court remanded the case to this Court for the limited purpose of determining when Plaintiff received notice of the entry of the final judgment and to rule on Plaintiff's motion to

1

reopen the time to appeal. Id. For the reasons set forth below, Plaintiff's motion to reopen the time to appeal is GRANTED.[1]

A notice of appeal must be filed within 30 days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). Federal Rule of Appellate Procedure 4(a)(6) governs a motion to reopen the time to file an appeal, and allows the district court to reopen for a period of 14 days if all of the following conditions are satisfied:

> (A) [T]he court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The moving party bears the burden of showing nonreceipt of notice of the entry of judgment. Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir. 1995). However, if the moving party "specifically denies receipt, a district judge must then weigh the evidence and make a considered factual determination concerning receipt . . . ." Id. at 796. Here, Plaintiff alleges he did not receive notice of the judgment until April or May 2019,[2] and Defendants have not filed any opposition. See ECF Nos. 17, 21. The Court finds that Plaintiff did not receive notice of judgment within 21 days of its entry. Plaintiff has also established the remaining requirements of Rule 4(a)(6): Plaintiff's Notice of Appeal was timely filed on May 15, 2019, and there is no indication that any party will be prejudiced if Plaintiff's time to appeal is reopened.

---

[1] On June 3, 2019, Plaintiff also filed a Motion to Reopen the Case pursuant to Federal Rule of Civil Procedure 60(b) due to newly discovered evidence or excusable neglect. ECF No. 19. That Motion is DENIED as beyond the scope of the remand. Regardless, Plaintiff's Motion fails to raise any grounds warranting relief under Rule 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.").

[2] Both this Court and the USCA note that Plaintiff provides inconsistent dates as to when he received the notice of judgment. In his Notice of Appeal, he alleges he first received notice in "April 2019." ECF No. 17. When the USCA ordered Plaintiff to show cause, he then alleges he first received notice on May 12, 2019. ECF No. 21. For purposes of this Motion, the Court construes May 12, 2019 as the date of receipt.

     For the reasons stated above, Plaintiff's request to reopen the time to file a notice of appeal (ECF No. 17) is GRANTED, and Plaintiff's Motion to Reopen the Case (ECF No. 19) is DENIED.  Pursuant to the USCA's order, Plaintiff does not need to file a new notice of appeal.  The Clerk of the Court shall serve a copy of this order on the Clerk of the Court of Appeals for the Ninth Circuit.

     IT IS SO ORDERED.

Dated:  October 28, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE